IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DUANE GOVAN, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WHITING-TURNER CONTRACTING COMPANY, SHIELDS INC, MOLINA CONSTRUCTION INC, And BALTAZAR T. MOLINA, individually <br><br> Defendants. | Civil Action No.: 2:15-cv-02443-DCN <br><br><br><br><br><br> **COLLECTIVE ACTION COMPLAINT** <br> **(Jury Trial Requested)** |

Plaintiff Duane Govan, individually and on behalf of all others similarly situated, by way of his Complaint in the above-captioned matter, alleges and shows unto this Honorable Court the following:

## NATURE OF CLAIM

1. Plaintiff Duane Govan brings this action individually and as a collective action for unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA).

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Duane Govan is a citizen and a resident of Horry County, South Carolina.

3. Defendant, Whiting-Turner Contracting Company, is a for-profit corporation, registered with the South Carolina Secretary of State.

4. Defendant, Shields Inc, is a for-profit corporation, registered with the South Carolina Secretary of State.

5. Defendant, Molina Construction Inc, is a for-profit corporation, registered with the South Carolina Secretary of State.

6. Defendant, Baltazar T. Molina, owns and/or operates a Molina Construction Inc. for profit and employs persons such as Plaintiff and other similarly situated employees to work on his behalf in providing labor for his practice. Defendant is within the personal jurisdiction and venue of this Court.

7. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in South Carolina. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

8. Plaintiff brings this action, individually and as an opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all similarly situated employees who worked in excess of forty (40) hours during certain workweeks without receiving overtime compensation during the last three years.

9. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

**FACTS**

10. Defendant, Whiting-Turner Contracting Company, based in Baltimore, Maryland is a construction management and general contracting company. They provide the full spectrum of construction services on projects small and large in markets such as retail, office, education, health care, life sciences, technology, transportation and utilities.

Whiting-Turner Contracting Company regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority Whiting-Turner Contracting Company was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

11.     Defendant Shields Inc. is commercial construction company based in Winston-Salem North Carolina that specializes in the installation of custom walls, as well as ceilings and floor systems. Defendant Shields Inc regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority Shields Inc was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

12.     Defendant Molina Construction Company Inc. is commercial construction company based in Charlotte North Carolina that specializes in the metal framing, dry-wall and acoustic ceilings.

13.     At all times material hereto, Defendant Baltazar T. Molina, managed, owned and/or operated Molina Construction Company Inc, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority Baltazar T. Molina was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

14.     Plaintiff Duane Govan was employed by the Defendants from approximately February of 2014 until approximately August 2014.

15. Plaintiff was a sheet-rock finisher whose primary duties consisted of performing labor which consisted of installing sheetrock, as well as finishing and repairing unfinished walls.

16. Defendants hired Plaintiff and similarly situated employees to perform labor for the construction of the Google office building in Goosecreek, South Carolina.

17. Plaintiff and other similarly situated laborers had an employment agreement with the Defendants, whereby the Defendants agreed to pay an hourly rate plus housing for all hours worked.

18. The Defendants were "joint employers" of Plaintiff and similarly situated laborers because Plaintiff performed work, which simultaneously benefitted the Defendants at different times during the workweek.

19. The Defendants had an arrangement to share the Plaintiff's labor and interchange employees.

20. The Defendants acted directly and indirectly in the interest of the other Defendants in relation to the Plaintiff and other similarity situated laborers.

21. The Defendants were not completely disassociated with respect to the employment of the Plaintiff in that they all share control of Plaintiff's work and all had the ability to supervise his work and modify the conditions of his job assignments.

22. In addition each of the Defendants provided the Plaintiff with materials, supplies, equipment and work instructions.

23. Plaintiff and other similarly situated laborers regularly worked over 40 hours a week and were not compensated at a rate of one and one-half times their regular hourly wage.

24. At all times relevant to this Complaint, Plaintiff regularly worked in excess of forty (40) hours per week, and Defendants failed to compensate him and other laborers at a rate of one and one-half times their regular hourly wage.

25. The Defendant provided room and board to Plaintiff as well as other similarly situated laborers, but failed to add the cost of the hotels into the regular rate for purposes of determining the overtime compensation of these employees.

26. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the minimum wage and overtime compensation provisions of the FLSA. Plaintiff was not employed as an executive or administrative employee.

27. At all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendants and performed the essential functions of his job in an exceptional and competent manner.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action)

28. Plaintiff, on behalf of himself and all similarly situated employees, realleges and incorporates by reference all preceding paragraphs as if they were set forth herein verbatim.

29. At all times pertinent to this Complaint, each of the Defendants was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

30. At all times pertinent to this Complaint, Plaintiff and similarly situated laborers were "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207.

31. At all times relevant herein, each Defendants was an "employer" of Plaintiff and similarly situated employees as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

32. Defendants required Plaintiff and similarly situated employees to work "off the clock" by failing to compensate them for all hours during a workweek for which they were "employed" as that term is defined under 29 U.S.C. § 203(g) of the Fair Labor Standards Act.

33. Defendants employed Plaintiff and similarly situated employees for workweeks longer than forty (40) hours without compensating Plaintiff and similarly situated employees at a rate of one and on-half times their regular rate of pay as required by 29 U.S.C. § 207(a).

34. Plaintiff and similarly situated employees are entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, seeks judgment against the Defendants as follows:

a. That this Court certify this action as a collective action pursuant to 29 U.S.C. § 216 (b);

b. An award of compensatory damages in an amount equal to the unpaid overtime compensation owed to Plaintiff and similarly situated employees pursuant to 29 U.S.C. § 216(b);

c. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

d. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Govan on his behalf and on behalf of all other similarly situated employees hereby demands a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
321 Wingo Way, Suite 201
Mount Pleasant, South Carolina 29464
(843) 849-1692 Phone
(800) 385-8160 Fax
marybeth@mullaneylaw.net

*Attorney for Plaintiff*

June 17, 2015
Mount Pleasant, South Carolina.